The Honorable David R. Malone State Senator Post Office Box 1048 Fayetteville, Arkansas 72702-1048
Dear Senator Malone:
This is in response to your request for an opinion on the meaning of "violent criminal act" as used in Act 888 of 1995. That act requires the reporting and investigation of certain felonies and "any other violent criminal act against a teacher, school employee or student" committed by a public school student.
As noted in your request, the act does not define the phrase. Neither is the phrase defined elsewhere in the Arkansas Code, although it is used in A.C.A. §§ 6-17-1202 and 6-17-1209 (Cum. Supp. 1993) and 6-17-1308 (as added by Act 1233 of 1995) (both relating to leaves of absences for school employees who are victims of violent criminal acts). No decision of an Arkansas appellate court interpreting the phrase has been found.
Where the General Assembly has failed to define a term used in legislation, this office cannot provide a conclusive definition. It would not appear to be unreasonable, however, to suppose that the courts would interpret the phrase to mean substantially the same as the phrase "crime of violence," which is defined in A.C.A. §§ 5-74-103(c) (Cum. Supp. 1993) and 5-74-202(c) (Adv. Code Serv. 1995) (both relating to gang activity) as:
 any violation of Arkansas law where a person purposely or knowingly causes, or threatens to cause, death or physical injury to another person or persons, specifically including rape.
Such a definition would seem to comport with the plain meanings of the words used. See Hercules, Inc. v. Pledger, 319 Ark. 702, 894 S.W.2d 576
(1995).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh